IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JEFFERY G. DOUGLAS, | ) |
| Plaintiff, | ) |
| VS. | ) No. 14-1302-JDT-egb |
| NORTHWEST CORRECTIONAL COMPLEX, ET AL., | ) |
| Defendants. | ) |

ORDER DENYING MOTION TO STAY,
CERTIFYING THE INTERLOCUTORY APPEAL IS NOT TAKEN IN GOOD FAITH,
AND DIRECTING PLAINTIFF TO FILE UPDATED FINANCIAL
DOCUMENTATION OR PAY THE $505 APPELLATE FILING FEE

Plaintiff Jeffery G. Douglas, Tennessee Department of Correction prisoner number 467106, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 12.) On February 6, 2015, the Court dismissed the complaint but granted leave to file an amended complaint against the individual Defendants within twenty-eight (28) days. (ECF No. 18.) Plaintiff then moved for an extension of time (ECF No. 20), which the Court granted, allowing Plaintiff through April 3, 2015, to file an amended complaint (ECF No. 21).

On March 2, 2015, Plaintiff filed a motion for stay of the Court's order (ECF No. 22) and a notice of appeal (ECF No. 23).[1] Although the motion for stay appears to be directed to the Sixth Circuit Court of Appeals, generally such a motion must first be presented to the district court. *See* Fed. R. App. P. 8(a)(1). Here, the Court did not require Plaintiff to take any action, it merely dismissed the complaint with leave to amend. Therefore, the motion to stay is DENIED; however, Plaintiff may renew his motion in the Court of Appeals. *See* Fed. R. App. P. 8(a)(2).

The order of dismissal is not a final order because the Court granted leave to amend, so Plaintiff's appeal is interlocutory in nature. Therefore, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not taken in good faith.

Because Plaintiff is a prisoner, he must pay the entire $505 appellate filing fee, although he may be able to take advantage of the installment payment method of 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). However, in order to take advantage of those installment procedures, a prisoner plaintiff must submit, along with the notice of appeal, an updated *in forma pauperis* affidavit and inmate trust account statement. *Id.* at 610; 28 U.S.C. § 1915(a)(2).

In this case, Plaintiff did not submit an updated *in forma pauperis* affidavit and trust account statement with the notice of appeal. Therefore, he is not presently eligible to take

---

[1] Plaintiff also filed a document titled "Notice of Missing Exhibits," which appears to list specific documents that he cannot provide because prison staff refuses to make copies of them. (ECF No. 24.)

advantage of the installment procedures of § 1915(b). Plaintiff is, however, liable for the full $505 appellate filing fee, which accrued at the moment the notice of appeal was filed. Accordingly, Plaintiff is hereby ORDERED to submit either the full $505 appellate filing fee or an updated *in forma pauperis* affidavit and trust account statement within twenty-eight (28) days after the date of this order.

If Plaintiff fails to file the required documents in a timely manner, the Court will deny leave to appeal *in forma pauperis* and assess the entire $505 filing fee from his inmate trust account without regard to the installment procedures, and the Sixth Circuit may dismiss the appeal for failure to prosecute. However, if Plaintiff timely submits the necessary documents the Court will grant leave to appeal *in forma pauperis* and assess the appellate filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b).

The Clerk is directed to provide Plaintiff with a copy of the prisoner affidavit form along with this order. The Clerk is further directed to notify the Sixth Circuit of the entry of this order.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE