IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY G. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1302-JDT-egb |
| | ) | |
| CHRISTI GREGORY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO CLOSE CASE WITHOUT JUDGMENT,
DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On November 4, 2014, Plaintiff Jeffery G. Douglas, Tennessee Department of Correction prisoner number 467106, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), accompanied by, *inter alia*, a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) After Plaintiff submitted the necessary documentation, the Court issued an order on November 26, 2014, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 12.)

On February 6, 2015, the Court, *inter alia,* dismissed the complaint for failure to state a claim on which relief may be granted, granted leave to amend, and directed that any amendment be filed within twenty-eight days. (ECF No. 18.) Plaintiff was advised that if he "fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment." (*Id.* at 21.) On February 18, 2015, Plaintiff filed a motion seeking

a sixty-day extension of time to properly respond or to appeal the Court's order. (ECF No. 20.) On February 23, 2015, the Court granted the motion and extended Plaintiff's time to file an amended complaint until April 3, 2015. (ECF No. 21.)

On March 2, 2015, Plaintiff filed a motion seeking a stay of the Court's order (ECF No. 22) and a notice of appeal (ECF No. 23).[1] The Court denied a stay, certified that the interlocutory appeal was not taken in good faith, and directed Plaintiff to file updated financial information or pay the $505 appellate filing fee. (ECF No. 25.) On March 16, 2015, Plaintiff filed a document titled "Lack of Subject Matter Jurisdiction" (ECF No. 26) and his updated financial information (ECF No. 27).[2] Therefore, the Court granted leave to proceed *in forma pauperis* and assessed the appellate filing fee in accordance with the PLRA. (ECF No. 28.) On March 24, 2015, the Court of Appeals dismissed Plaintiff's appeal for want of jurisdiction because it was not taken from a final or appealable order. *Douglas v. Gregory,* No. 15-5225 (6th Cir. Mar. 24, 2015).

Plaintiff did not file an amended complaint by April 3, 2015. Instead, he filed a motion to close the case without entry of judgment. (ECF No. 32.) Although Plaintiff is entitled to abandon this case, he is not entitled to withdraw his complaint without entry of judgment. The Court has screened the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and has determined that it fails to state a claim on which relief may be granted. That the Court chose to exercise its discretion to allow Plaintiff the opportunity to cure the deficiencies in his complaint does not alter the fact that the complaint, as submitted, fails to state a claim. Allowing a prisoner to simply

---

[1] The Motion for Stay bore the caption of the Sixth Circuit Court of Appeals.

[2] The document titled "Lack of Subject Matter Jurisdiction" also bore the caption of the Court of Appeals.

withdraw a complaint after receiving notice that it is deficient would frustrate the purpose of the PLRA and, in particular, 28 U.S.C. § 1915(g), to minimize the filing of meritless prisoner suits. Therefore, the motion to close the case without entry of judgment is DENIED.

Because Plaintiff has not filed an amended complaint within the time specified, judgment will be entered in accordance with the February 6, 2015, order of dismissal.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b).

Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[3] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013), *cert. granted,* 135 S. Ct. 43 (2014) (Nos. 13-1333, 13A985).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff previously filed *Douglas v. Plunk,* No. 1:11-cv-01219-JDT-egb (W.D. Tenn. July 11, 2012) (dismissed for failure to state a claim).